NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

MARION ROHR CORPORATION,
INC., Respondent.

Cal. No. 1108, Docket 82–4210.

United States Court of Appeals,
Second Circuit.

Argued April 12, 1983.

Decided Aug. 8, 1983.

Lawrence E. Blatnik, Atty., N.L.R.B., Washington, D.C. (N.L.R.B., Helen L. Morgan, Atty., William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Acting Associate Gen. Counsel, and Elliott Moore, Deputy Associate Gen. Counsel, Washington, D.C., of counsel), for petitioner.

Susan S. Robfogel, Rochester, N.Y. (Harris, Beach, Wilcox, Rubin & Levey and Mary J. Harrington, Rochester, N.Y., of counsel), for respondent.

Before MANSFIELD, VAN GRAAFEILAND and FRIEDMAN,* Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

The National Labor Relations Board petitions this Court under section 10(e) of the National Labor Relations Act, 29 U.S.C. § 160(e) (1976), for enforcement of the Board's order of May 18, 1982. The Board ordered respondent, Marion Rohr Corporation, to cease and desist from certain unlawful practices, to recognize and bargain collectively with Local 280 of the International Ladies' Garment Workers Union, AFL–CIO, retroactive to July 10, 1979, to expunge certain incidents from its records, to post a notice at its plants, and to report to the Regional Director concerning its compliance. Respondent contends that enforcement should not be granted and that the Board's bargaining requirement constitutes too extreme a remedy under the circumstances of this case. For the reasons hereinafter set forth, we grant enforcement of the order except with respect to that portion which orders retroactive bargaining.

Respondent manufactures ladies' undergarments at two plants in Hornell, New York. In March, 1979, the Union began a campaign to organize respondent's production and maintenance employees, and, on July 9, 1979, demanded recognition. Believing that the Union did not have majority support, respondent refused recognition. On July 24, 1979, the Union filed charges, asserting, among other things, that respon-

---

* Of the United States Court of Appeals for the    Federal Circuit, sitting by designation.

dent had violated section 8(a)(5) of the Act, 29 U.S.C. § 158(a)(5), by refusing to bargain. The Board issued a complaint on August 29, 1979, and an amended complaint on August 14, 1980. A hearing was held on December 2, 3 and 4, 1980, and the Administrative Law Judge issued his decision on April 2, 1981. Respondent filed its exceptions to the ALJ's decision on May 11, 1981, and the Board's decision and order was filed over a year later on May 18, 1982. Briefing on the Board's petition for enforcement was completed on March 18, 1983, and the matter was argued in this Court on April 12, 1983.

The Board now agrees that a majority of employees had not signed union authorization cards on July 9, 1979, and the alleged section 8(a)(5) violation, which was rejected by the ALJ and the review panel, is not pressed in this proceeding. The Board did find, however, that respondent committed several violations of sections 8(a)(1) and (3) of the Act, 29 U.S.C. §§ 158(a)(1) and (3). These violations merit only brief discussion.

In several talks to employees by respondent's plant manager, David Schlossberg, between April 27, 1979 and May 8, 1979, he stated that he was aware of the Union's activities and knew of five employees who were involved. He also made a number of comments which could have been construed as threats of lost benefits and less favorable working conditions if the plants were unionized.

On another occasion, Schlossberg called an employee into his office and questioned her about employees' organizational activities. When two other employees told Schlossberg that they had signed union cards, he assured them that they would not be fired but stated that the employees who were distributing union material and soliciting signatures would be.

On July 12, 1979, Schlossberg fired an employee, Lucinda Hurlburt, who had been hired only two days earlier, because she had a blank union card in her possession. He also questioned another employee, Carole Pawlica, as to whether she had supplied Hurlburt with the card. Upon receiving an affirmative answer, Schlossberg told Pawlica she was "on report" or "on notice". Within two hours of Hurlburt's firing, Schlossberg contacted her, apologized, and rehired her.

Finally, in March, 1980, when Schlossberg hired Debra Axtell as a temporary employee, he stated to her that if he learned that she had become involved with the Union, her position would be "very temporary".

■ Although respondent disputes many of the factual findings and their effect as violations of sections 8(a)(1) and (3), there is sufficient support for both in the record. However, the Board has not furnished adequate support for that portion of its order which directs the employer to bargain retroactively to July 10, 1979. We write once again on this subject only to make clear our unwillingness to enforce a bargaining order in the absence of a reasoned factual analysis by the Board as to why a fair election cannot be held.

■ The clearly preferred remedy for violation of the Act is an election. *NLRB v. Gissel Packing Co.*, 395 U.S. 575, 602–03, 89 S.Ct. 1918, 1934, 23 L.Ed.2d 547 (1969); *J.J. Newberry Co. v. NLRB*, 645 F.2d 148, 153–54 (2d Cir.1981); *Grandee Beer Distrib., Inc. v. NLRB*, 630 F.2d 928, 934 (2d Cir.1980). This preference reflects the important policy that employees not have union representation forced upon them when, by exercise of their free will, they might choose otherwise. *See* National Labor Relations Act § 7, 29 U.S.C. § 157; *NLRB v. General Stencils, Inc.*, 472 F.2d 170, 175–76 n. 5 (2d Cir.1972); *NLRB v. World Carpets of New York, Inc.*, 403 F.2d 408, 412 (2d Cir.1968). A bargaining order is justified only when the Board demonstrates that an election is unlikely to reflect the uncoerced preference of the bargaining unit. *NLRB v. Chester Valley, Inc.*, 652 F.2d 263, 272 (2d Cir.1981); *NLRB v. Amber Delivery Serv., Inc.*, 651 F.2d 57, 70–71 (1st Cir.1981); *NLRB v. Appletree Chevrolet, Inc.*, 608 F.2d 988, 996 (4th Cir.1979). Even where so-called "hallmark" violations have occurred, a bargaining order may be improper

if there are mitigating circumstances "showing that the conduct is not as serious as it may seem." *J.J. Newberry Co. v. NLRB, supra,* 645 F.2d at 153.

The listing of unfair labor practices followed by the conclusory statement that a fair election is no longer possible does not satisfy the Board's responsibility to analyze the attending circumstances. *NLRB v. Pace Oldsmobile, Inc.,* 681 F.2d 99, 101 (2d Cir.1982) (per curiam); *NLRB v. Appletree Chevrolet, Inc., supra,* 608 F.2d at 997–98. Moreover, the Board may not, as it has done here, simply disregard factors that militate against enforced bargaining. For example, we have held consistently that events subsequent to the employer's violations, such as the passage of time and the substantial turnover of employees, are relevant and important factors which should be considered. *NLRB v. Chester Valley, Inc., supra,* 652 F.2d at 273; *J.J. Newberry Co. v. NLRB, supra,* 645 F.2d at 154; *NLRB v. Jamaica Towing, Inc.,* 632 F.2d 208, 214 (2d Cir.1980). The ALJ "noted", however, that the Board had previously rejected these factors, and, "with all due respect to the Court of Appeals, [he was] bound by the Board's determination...." He left the resolution of the issues of employee turnover and passage of time to the Board, which disposed of them in a cryptic and ambiguous footnote. This we will not accept.

Between July, 1979, and December, 1980, 70 new employees had been incorporated into a workforce of 200, a turnover rate of approximately 35%. *See NLRB v. Chester Valley, supra,* 652 F.2d at 273 (34.4%); *NLRB v. Jamaica Towing, Inc.,* 632 F.2d at 216 (37½%); *Red Oaks Nursing Home, Inc. v. NLRB,* 633 F.2d 503, 510 (7th Cir.1980) (35%). The Board must show that the bargaining order is appropriate when it is issued, not at some earlier date. *See NLRB v. Pace Oldsmobile, supra,* 681 F.2d at 102. The Board does not demonstrate such appropriateness when it fails to give appropriate consideration to substantial lapses of time and employee turnover.

It also would have been helpful for this Court to know what weight, if any, the Board gave to:

(1) The absence of a history of anti-union animus on the part of the employer, both prior and subsequent to the more technical than egregious violations found herein. *See NLRB v. Jamaica Towing, Inc., supra,* 632 F.2d at 214; *First Lakewood Associates v. NLRB,* 582 F.2d 416, 424 (7th Cir.1978).

(2) The demonstrated reaction of the employees to the employer's violations, such as the 19 instances of recorded laughter during one of Schlossberg's talks, the lapse of time between the talks and the 7 union card withdrawals, and the signing of 34 additional union cards during this same period. *See NLRB v. Pace Oldsmobile, supra,* 681 F.2d at 102; *First Lakewood Associates v. NLRB, supra,* 582 F.2d at 424.

(3) The lack of proof that knowledge of the incidents involving Hurlburt and Axtell was disseminated among the employees generally. *NLRB v. Jamaica Towing, Inc., supra,* 632 F.2d at 214. We will not presume such dissemination when the issue concerns the possibility of holding a fair election. *J.J. Newberry Co. v. NLRB, supra,* 645 F.2d at 153; *NLRB v. General Stencils, Inc., supra,* 438 F.2d at 902 n.11.

When, as here, a Board member has dissented from the bargaining order, finding respondent's unfair labor practices "not to be of sufficient magnitude as to preclude a fair election," it is especially important that the other two panel members carefully articulate the reasons why they believe a fair election cannot be held. *NLRB v. General Stencils, Inc., supra,* 472 F.2d at 176 n.5. Instead of so doing, the panel majority, without adequate explanation, indulged in the Board's by now well-established preference for issuing a bargaining order. *See NLRB v. Chester Valley, Inc., supra,* 652 F.2d at 272 n.5; *Red Oaks Nursing Home, Inc. v. NLRB, supra,* 633 F.2d at 510.

Although we are empowered to remand the matter to the Board for further consideration, we are not required to do so.

*Ithaca College v. NLRB,* 623 F.2d 224, 229 (2d Cir.), *cert. denied,* 449 U.S. 975, 101 S.Ct. 386, 66 L.Ed.2d 237 (1980). Four years have elapsed since the charges against respondent were filed, and more than two and one-half years have gone by since the hearing on those charges was held. In the exercise of our equitable power, and in full recognition of the Board's continuing failure to comply with our request for reasoned analyses, we decline to remand the bargaining order to the Board for its further consideration. *See NLRB v. Jamaica Towing, Inc., supra,* 632 F.2d at 216; *First Lakewood Associates, Inc. v. NLRB, supra,* 582 F.2d at 423–24; *NLRB v. Colonial Haven Nursing Home, Inc.,* 542 F.2d 691, 709–11 (7th Cir.1976).

Enforcement of the Board's order is granted, except with regard to that portion which directs respondent to bargain with the Union, enforcement of which is denied.[1]

1. Our decision not to enforce the bargaining portion of the order moots the controversy over the supervisory status of the employee, Doni Binder. Since we do not know what her present duties are, or even whether she still is employed by respondent, we think it best to leave her status for *de novo* consideration should the question again arise.